CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ASEEM PADUKONE (CABN 298812)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6401
    FAX: (415) 436-7234
    Aseem.padukone@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>HERSHEL ANDREW GREEN III,<br><br>    Defendant. | CASE NO. 25-MJ-71026 SK<br><br>**MOTION TO EXTEND EMERGENCY STAY OF RELEASE ORDER** |

    The United States of America, by and through its attorney, the United States Attorney for the Northern District of California, moves this Court to stay the release order issued by this Court on September 4, 2025 in case number 25-mj-71026. The government has filed an appeal of this Court's denial of the government's motion for pre-trial detention. The government now moves for a short administrative stay of the magistrate judge's release order pending its appeal. *See, e.g.*, *Cobell v. Norton*, No. 03-5262, 2004 WL 603456, at *1 (D.C. Cir. Mar. 24, 2004) (granting administrative stay "to give the court sufficient opportunity to consider the merits of the motion"). An extension of the immediate administrative stay in particularly appropriate here, where the defendant otherwise will be released tomorrow, Friday, September 5, 2025, and "given that the issue being reviewed involves a person's release from custody pending further legal proceedings, the absence of stay authority could render th[is

C]ourt's review power illusory." *United States v. Brigham*, 569 F.3d 220, 230 (5th Cir. 2009).

Given the defendant's imminent release before the D.C. Court will have an opportunity to address the government's appeal of this Court's release order, the Court should immediately issue an extension of the administrative stay of that order. Unlike more protracted stays, administrative stays "do not typically reflect the court's consideration of the merits of the stay application. Rather, they 'freeze legal proceedings until the court can rule on a party's request for expedited relief.'" *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring) (quoting R. Bayefsky, Administrative Stays: Power and Procedure, 97 Notre Dame L. Rev. 1941, 1942 (2022)). Deciding whether to enter a longer stay requires "an assessment of the applicant's likelihood of success on the merits. That is not always easy to evaluate in haste, and an administrative stay buys the court time to deliberate." *Id.* The Supreme Court and federal courts of appeals thus commonly issue administrative stays "to permit time for briefing and deliberation[.]" *Id.* (citing cases); *see also, e.g.*, *Brady v. NFL*, 638 F.3d 1004, 1005 (8th Cir. 2011) (granting an "administrative stay to give the court sufficient opportunity to consider the merits of the motion for a stay pending appeal"). And district courts, including this one, have recognized that administrative stays are appropriately granted "to preserve the status quo[.]" *Dellinger v. Bessent*, No. 1:25-cv-00385-ABJ, 2025 WL 450488, at *1 (D.D.C. Feb. 10, 2025); *see, e.g.*, *Nat'l Council of Nonprofits v. OMB*, No. 25-239 (LLA), 2025 WL 314433, at *2 (D.D.C. Jan. 28, 2025); *Planned Parenthood Monte Mar, Inc. v. Ford*, No. 3:85-cv-00331-ART-CSD, 2025 U.S. Dist. LEXIS 78722, at *16-17 (D. Nev. Apr. 25, 2025); *Gallusz v. LLP Mortg., Inc.*, No.: 25-CV-885 JLS (BLM), 2025 U.S. Dist. LEXIS 71736, at *5 (S.D. Cal. Apr. 15, 2025). "The authority for an administrative stay arises from the All Writs Act and a court's inherent authority to manage its docket." *Dellinger*, 2025 WL 450488 (quotation marks omitted).

An administrative stay is necessary here "given that the issue being reviewed involves a person's release from custody pending further legal proceedings," and thus that "the absence of stay authority could render th[is C]ourt's review power illusory." *Brigham*, 569 F.3d at 230. If this Court "disagrees with the magistrate judge's determination regarding release versus detention, but no stay is in place, the [defendant] may have harmed the community or disappeared by the time th[e C]ourt's ruling is rendered and detention is ordered." *Id.* For that reason, "stays of release are so commonplace and

uncontroversial that they are often relegated to a sentence or two in the procedural history of an opinion on the merits of the detention decision." *United States v. Rosales-Villegas*, No.: 2:23-cr-00044-GMN-VCF, 2023 U.S. Dist. LEXIS 59776, at *7 n.1 (D. Nev. Apr. 4, 2023) (quotation marks omitted).

The government recognizes that, typically, a short administrative stay is issued to give a court more time to consider whether to grant a longer stay, which requires consideration of the factors set forth in *Nken v. Holder*, 556 U.S. 418, 434 (2009). *See, e.g.*, *United States v. Texas*, 144 S. Ct. at 798 (Barrett, J.); *Cobell*, 2004 WL 603456, at *1. But here, no longer stay is required because the government has filed an appeal of the magistrate judge's release order and a hearing is scheduled for September 9, 2025. *But see* Fed. R. Crim. P. 59(a) (giving parties 14 days to "serve and file objections to the order" to which they object). However, in the event the D.C. Court needs more time to consider the government's appeal on the merits, the government will, together with its appeal, file a motion for a longer stay addressing the *Nken* factors.

DATED: September 5, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


_____/s/_____
ASEEM PADUKONE
Assistant United States Attorney